IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

SUMMER H., on behalf of her )    CIVIL NO. 06-00554 SPK-LEK
minor daughter, Hannah H., )
                         )
       Plaintiff, )
                         )
   vs. )
                         )
STATE OF HAWAI`I, DEPARTMENT )
OF EDUCATION, )
                         )
       Defendant. )
_____ )

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

On February 22, 2007, Plaintiff Summer H., on behalf of her minor daughter, Hannah H., ("Plaintiff") filed the instant Motion to Supplement the Record ("Motion"). Defendant State of Hawai`i Department of Education ("Defendant") filed its memorandum in opposition on March 7, 2007. This matter came on for hearing on April 2, 2007. Appearing on behalf of Plaintiff was Stan Levin, Esq., and appearing on behalf of Defendant was Ryan Ota, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY GRANTED IN PART and DENIED IN PART for the reasons set forth below.

### BACKGROUND

Hannah H. is a student with multiple disabilities, including a seizure disorder and cerebral palsy. She is legally

blind and only partially verbal.  [Complaint at ¶ 4.]  She is eligible for special education services and is entitled to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act of 1973.  [Id. at ¶ 9.]

Plaintiff filed the instant action on October 10, 2006, seeking review of the Hearings Officer's September 18, 2006 Findings of Fact, Conclusions of Law, and Decision ("the Decision").  [Exh. A to Complaint (Decision).]  The Decision denied all of the relief that Plaintiff sought in her Request for Impartial Hearing, filed February 10, 2006.  [Complaint at ¶ 11.] Plaintiff argues that the Decision was erroneous and was not supported by substantial evidence.  According to Plaintiff, the evidence at the hearing established that Defendant substantively and procedurally denied Hannah a FAPE.  Plaintiff argues that, inter alia, the February 3, 2006 IEP does not provide Hannah with appropriate related services.  [Complaint at ¶¶ 14-16.]  The Complaint asks the district court to reverse the Decision, grant appropriate relief, and award attorney's fees and costs.  [Id. at pgs. 5-6.]

## I.   **The Decision**

The Hearings Officer conducted the administrative hearing on June 7, 8, and 9, 2006 and July 25, 2006.  [Decision at pg. 2.]  The Hearings Officer noted that, in addition to

2

special education services, Hannah receives related services at home, including occupational therapy, physical therapy, and vision services.  Her teacher described the program as a functional program to teach her how to perform activities of daily living.  [Id. at ¶¶ II.8-II.9.]  Hannah's January 19, 2005 Individual Education Program ("IEP") provided for four hours of occupational therapy per week, three hours of physical therapy per week, and three hours of vision services per month, in addition to special education and other services.  [Id. at ¶ II.22.]

At the IEP Team meetings on January 12 and 24, 2006, and February 3, 2006, the team discussed an integration model for Hannah's occupational therapy.  An occupational therapist testified at the hearing that this was the best way to teach Hannah how to generalize.  [Id. at ¶ II.24.]  Hannah's February 3, 2006 IEP therefore provided for one hour of vision therapy, one-and-a-half hours of occupational therapy, and one hour of physical therapy per week, in addition to two hours of special education services per day.  The occupational therapist recommended the shorter therapy sessions because Hannah's progress had been slow while she was receiving four hours per week.  In the occupational therapist's view, shorter sessions would help Hannah integrate what she learned in different environments, which would help her generalization, motivation,

and ability to master skills.  The physical therapist also recommended the decrease because of Hannah's limited attention span and fatigue.  Further, Hannah's skill set had developed to such a level that she did not need three hours of physical therapy per week.  The physical therapist felt it was more important that Hannah learn to integrate her skills into her day. Hannah's daily special education services would give her the opportunity to do the repetitions necessary to integrate the skills that she learned in therapy so that she could generalize and master them.  [Id. at ¶¶ II.26–II.32.]

B.B., a psychologist who testified as an expert in IEP development for visually impaired and mentally retarded children, recommended that Hannah be given more intensive, specialized services, not less services, because she was well below her age level in occupational and physical tasks and because she should be achieving more.  [Id. at ¶¶ II.35, II.39.]  J.G., who testified as an expert in pediatric neurology, learning disabilities, and behavioral disorders, agreed with this recommendation.  [Id. at ¶¶ II.39–II.40.]

Plaintiff's Request for Impartial Hearing alleged various substantive and procedural violations of the IDEA and the applicable Hawai`i administrative rules in the February 3, 2006 IEP.  Plaintiff argued that Defendant: failed to consider how Hannah would be harmed if she had an improper placement or did

4

not receive the services she needed; denied Plaintiff meaningful participation in IEP Team meetings by conducting meetings without her and by failing to provide her with documentation justifying changes in services and placement; and procedurally and substantively denied Hannah a FAPE by failing to conduct proper evaluations.  Plaintiff asked that Hannah's home placement be continued with the services in place as of January 20, 2004.[1]  [Id. at pg. 9.]

      The Hearings Officer noted that Defendant's witnesses testified that more service hours would not necessarily lead to more progress and that Hannah needed to learn to integrate what she learned into daily life to master those skills.  The Hearings Officer also noted that, even at the current service levels, only the first thirty minutes of each session were productive because of Hannah's short attention span and fatigue.  He stated that it did not make sense to increase services if Hannah could not take advantage of the current levels of service.  The Hearings Officer recognized that, if Hannah were later able to tolerate longer sessions, increased services might be appropriate at that time.  [Id. at pg. 11.]  The Hearings Officer found that the recommended

---

[1] Plaintiff also argued that Defendant failed to consider Hannah's medically fragile state.  [Decision at 9.]  Although the Hearings Officer disagreed that Hannah was medically fragile, finding that the evidence showed she could tolerate some exposure outside the home, he found that the issue was not relevant because Hannah's placement in a home program was not in dispute. [Id. at 12.]

decrease in related services and the shifting of some services to special education would allow Hannah to generalize and master skills that she learned.  The Hearings Officer therefore concluded that, in light of Hannah's abilities and skills at the time the February 3, 2006 IEP was drafted, it was reasonably calculated to enable her to receive educational benefits. Plaintiff failed to establish that Defendant did not offer Hannah a FAPE.  [Id. at pgs. 12-13.]

## II.   **Motion to Supplement the Record**

In the instant Motion, Plaintiff seeks to supplement the record with expert reports and recommendations that Plaintiff obtained based on evaluations performed after the Decision.  The Motion states that the experts did not testify at the administrative hearing either because Plaintiff could not afford their hourly rates or because the experts had not completed their assessments by the hearing date.  [Mem. in Supp. of Motion at 1.] The new documents consist of the following: a report from Julie A. Griffith, M.D., M.S., dated January 11, 2007; a speech therapy report from Judy Henderson, M.A., CCC-SLP, dated November 8, 2006; a report dated November 3, 2006, from Gunilla Haegerstrom-Portnoy, O.D., Ph.D., regarding Hannah's eye examinations; physical therapy notes by Deborah Tong, P.T., dated November 13, 2006; occupational therapy notes by Janis Kitsuwa-Lowe, M.A., OTR/L, dated November 8, 2006; and a report by Jullian Grotz,

6

B.A., C.A.R.D. Case Consultant, based on a November 3, 2006 evaluation.  [Exhs. A-F to Motion.]  Plaintiff argues that these reports "must be admitted as evidence in this case" because they are relevant and admissible and the Hearings Officer would have accepted them if they were available at the time of the hearing. [Mem. in Supp. of Motion at 2-3.]

Dr. Griffith's report is the primary report insofar as she reviewed all of the other reports in preparing her report and making her recommendation.  [Id. at 3.]  Dr. Griffith stated that Hannah was still engaged after a one-hour physical therapy appointment and recommended that Hannah's home program include one-hour daily physical therapy sessions, with appropriate breaks, three times a week.  She also recommended twenty-five hours of behavioral therapy, four hours of occupational therapy, five hours of speech therapy, and one hour of vision therapy per week.  [Exh. A to Motion.]

Plaintiff argues that, if this Court allows supplementation of the record, it will change the record in material respects and would greatly affect the Hearing Officer's Decision.  Plaintiff therefore argues that the case should be remanded for further proceedings before the Hearings Officer. [Mem. in Supp. of Motion at 3-4.]

In its memorandum in opposition, Defendant argues that supplementation is not appropriate in this case because the

district court's role is to review the administrative proceedings, not to create a trial *de novo*.  Defendant acknowledges that, under Ninth Circuit law, the district court has discretion to consider additional evidence regarding events occurring after the administrative hearing.  [Mem. in Opp. at 3-4.]  Defendant, however, argues that, because the hearing addressed whether Hannah's February 3, 2006 IEP provided her a FAPE, it would be inappropriate to consider reports that were prepared almost a year later and were not presented to the IEP Team for consideration.  Further, since the reports were not presented at the hearing, only one of the individuals who prepared them were subject to scrutiny.  Defendant argues that the appropriate course would be for Plaintiff to present the new reports to the current IEP Team for its consideration in developing a new IEP.  Defendant contends that, if the district court considers the new reports, it would amount to a trial *de novo*.  [Id. at 5-7.]

        Defendant argues that the issue in the instant case is whether Hannah's IEP was objectively reasonable at the time it was drafted.  Thus, the primary review is of the administrative record.  Supplementation is possible if Plaintiff can show "solid justification" for considering the new evidence.  Defendant urges the Court to deny the Motion because Plaintiff has not shown such justification.  [Id. at 8-9.]

At the hearing on the Motion, Plaintiff's counsel argued that the Court should allow Plaintiff to supplement the record because she did not have notice that the Hearings Officer would decrease Hannah's service hours based in part upon Hannah's alleged inability to effectively attend her therapy sessions at their current lengths.  Plaintiff argues that she did not have the opportunity to contradict Defendant's proffered testimony about Hannah's ability to attend.  The documents that Plaintiff seeks to add to the record address the length of sessions that Hannah is able to attend.  Defendant reiterated its position that evaluations of Hannah's status after the Hearings Officer rendered its Decision are not relevant to the issue whether the February 3, 2006 IEP offered her a FAPE.

## DISCUSSION

### I.   Admission of Additional Evidence

In an appeal from the decision in a due process hearing under the IDEA, the district court:

> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C).[2]  This statute makes it clear that

---

[2] Section 1415(i)(2)(C) was previously numbered as § 1415(i)(2)(B).  See, e.g., 20 U.S.C. § 1415(i)(2)(B) (2000).  The
(continued...)

Congress intended to distinguish judicial review of IDEA rulings from judicial review of other agency decisions where the court is generally limited to the administrative record and applies a highly deferential standard of review.  See Amanda J. ex rel. Annette J. v. Clark County Sch. Dist., 267 F.3d 877, 887 (9th Cir. 2001).  In spite of this greater scope of review, courts may not conduct a complete de novo review.  See id.  The Supreme Court has cautioned that courts must give "due weight" to the administrative decision and that § 1415(i)(2)(C) "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review."  Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982).

The Ninth Circuit has adopted the following standard for the admission of additional evidence in IDEA cases:

> We construe "additional" in the ordinary sense of the word, Perrin v. United States, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1980), to mean supplemental.  Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent

---

[2](...continued)
two provisions are identical.  The prior version was substantively identical, reading: "In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(e)(2) (1996).  Case law interpreting any of these versions is therefore persuasive.

with the usual meaning of "additional."  We are
fortified in this interpretation because it
structurally assists in giving due weight to the
administrative proceeding, as <u>Rowley</u> requires.
<u>Rowley</u>, 458 U.S. at 206, 102 S.Ct. at 3051.
            *     *     *     *     *     *
The reasons for supplementation will vary; they
might include gaps in the administrative
transcript owing to mechanical failure,
unavailability of a witness, an improper exclusion
of evidence by the administrative agency, and
<u>evidence concerning relevant events occurring
subsequent to the administrative hearing</u>.  The
starting point for determining what additional
evidence should be received, however, is the
record of the administrative proceeding.
            *     *     *     *     *     *
      The determination of what is "additional"
evidence must be left to the discretion of the
trial court which must be careful not to allow
such evidence to change the character of the
hearing from one of review to a trial *de novo*.  A
practicable approach, we believe, is that an
administrative hearing witness is rebuttably
presumed to be foreclosed from testifying at
trial. . . .  In ruling on motions for witnesses
to testify, a court should weigh heavily the
important concerns of not allowing a party to
undercut the statutory role of administrative
expertise, the unfairness involved in one party's
reserving its best evidence for trial, the reason
the witness did not testify at the administrative
hearing, and the conservation of judicial
resources.

<u>Ojai United Sch. Dist. v. Jackson</u>, 4 F.3d 1467, 1472–73 (9th Cir.

1993) (quoting <u>Town of Burlington v. Dep't of Educ.</u>, 736 F.2d

773, 790–91 (1st Cir. 1984)) (emphasis added) (alterations in

original).  Thus, "the court has wide discretion in determining

what additional evidence shall be considered."  <u>Katherine G. ex

rel. Cynthia G. v. Kentfield Sch. Dist.</u>, 261 F. Supp. 2d 1159,

1168 (N.D. Cal. 2003) (citing <u>Burlington</u>, 736 F.2d at 791).

Plaintiff argues that she should be allowed to
supplement the record with the new reports because she did not
have notice that Hannah's alleged inability to attend her therapy
sessions would be a basis for the reduction of Hannah's related
service hours.  After the formulation of the February 3, 2006
IEP, Defendant's Prior Written Notice of Department Action stated
that the reason for reduction of related services was "because of
Hannah's academic growth and the ability of service providers to
integrate other therapies within their service times."
[Administrative Record on Appeal ("AR"), Petitioners' Exhs. at
4.]  Thus, Plaintiff argues that she did not have the opportunity
to prepare evidence for the administrative hearing to rebut
Defendant's argument that a reduction in services was appropriate
because Hannah was unable to attend her related services at the
current levels.  Assuming, *arguendo*, that Plaintiff did not have
notice, it cannot be considered harmless because the Hearings
Officer relied on Hannah's inability to attend in rendering the
Decision.  Further, Plaintiff's lack of notice would be evidence
that Plaintiff did not try to undercut the role of the Hearings
Officer by reserving her best evidence for trial in the district
court.  This Court, however, notes that Plaintiff did not raise
the notice argument in the Motion.  The Motion argued that
Plaintiff did not present the reports at the hearing because they
either were not complete yet or Plaintiff could not afford the

12

expert's hourly rate to appear.  Insofar as Plaintiff only raised
the lack of notice issue at the hearing on the Motion, Defendant
did have the opportunity to prepare an opposition to this
argument and the Court is inclined not to consider it.

     Ultimately, this Court need not decide whether
Plaintiff had, or should have had, knowledge of the inability to
attend issue.  The Ninth Circuit has expressly recognized that a
court may consider additional evidence of relevant events that
occur after the administrative hearing.  See Ojai, 4 F.3d at
1473.  The issues in the present appeal are whether the Hearings
Officer complied with the requirements of the IDEA and whether
the Hearings Officer erred in ruling that Plaintiff did not
establish that the February 3, 2006 IEP failed to offer Hannah a
FAPE.  Plaintiff argues, inter alia, that the Defendant denied
Hannah a FAPE by decreasing Hannah's related services hours,
rather than increasing them.  The Hearings Officer gave
considerable weight to Hannah's inability to attend her related
services sessions at their current lengths.  The Hearings Officer
acknowledged that, should Hannah later develop a greater capacity
to attend sessions, increased services may be warranted at that
time.  Clearly, evidence regarding Hannah's ability to attend her
sessions is relevant to the instant appeal.

     Defendant argues that this Court should not allow
Plaintiff to supplement the administrative record because

13

evidence of Hannah's post-hearing ability to attend is not
relevant to her ability to attend at the time the IEP Team
formulated the February 3, 2006 IEP.  The Ninth Circuit has
characterized an IEP as a "snapshot" which "must take into
account what was, and was not, objectively reasonable when the
snapshot was taken, that is, at the time the IEP was drafted."
Adams v. Oregon, 195 F.3d 1141, 1149 (9th Cir. 1999) (citation
and quotation marks omitted).  In reviewing the appropriateness
of an IEP, a district court considers whether the IEP "was
appropriately designed and implemented so as to convey [the
student] with a meaningful benefit."  Id.  Although the student's
progress after the implementation of the IEP is relevant evidence
of the adequacy or inadequacy of the IEP, her progress alone is
not dispositive.  See id.  "The snapshot rule, however, does not
bar a court from considering evidence acquired after the hearing;
it merely requires that the hearing officer's judgment not be
second-guessed based on hindsight."  K.H. ex rel. Helmantoler v.
Mt. Diablo Unified Sch. Dist., No. C 04-05400 SI, 2005 WL
2671385, at *3 (N.D. Cal. Oct. 19, 2005) (citing Adams, 195 F.3d
at 1149).

        This Court therefore finds that the additional reports,
which provide evidence of Hannah's post-hearing ability to
attend, are relevant to the issue whether the amount of related
services proposed in the February 3, 2006 IEP was adequate.  See

C.S. v. Five Town Cmty. Sch. Dist., 436 F. Supp. 2d 181, 186 (D. Me. 2006) ("[I]n the context of review of decisions concerning both the adequacy of IEPs and eligibility for special services, courts have erred on the side of admitting evidence reflecting a child's post-hearing status on the theory that the proffered information might shed light on the reasonableness of (and thus be relevant to) the earlier decision." (quoting Mr. I. v. Maine Sch. Admin. Dist. No. 55, No. Civ. 04-165-P-H, 2004 WL 2397402, at *3 (D. Me. Oct. 27, 2004))).

Insofar as the Hearings Officer considered Hannah's ability to attend, admitting the additional reports will not inject a new issue into the appeal and will not transform the district court's review into a trial de novo. See, e.g., id. (allowing additional evidence regarding the student's performance at Chamberlain School after the administrative hearing because, at the time of the hearing, the parents had not applied the student to Chamberlain and could only give testimony about the school based on brochures and a school visit). This Court therefore finds that supplementation of the record is appropriate, to the extent that the new reports are not cumulative of the evidence presented before the Hearings Officer.

Of the persons who submitted the new reports, Dr. Griffith is the only one who testified at the administrative hearing. [AR, Transcripts Vol. II at 296-345.] Plaintiff also

15

introduced several of Dr. Griffith's reports into evidence at the administrative hearing.  [AR, Petitioners' Exhs. 9, 19, 22, 27.] There is a rebutable presumption that a witness who testifies at the administrative hearing cannot testify in the appeal before the district court.  See Ojai, 4 F.3d at 1473.  This Court, however, finds that Dr. Griffith's new report, which is based on a January 11, 2007 visit with Hannah and the other new reports, is not duplicative of either Dr. Griffith's testimony at the administrative hearing or her prior reports submitted at the hearing.  The Court also notes that the other new reports are not duplicative of evidence presented at the administrative hearing because they address Hannah's post-hearing status.  This Court finds that Plaintiff's proposed evidence is not cumulative of the evidence presented before the Hearings Officer.  Plaintiff's request to supplement the administrative record is therefore GRANTED.  See K.H., 2005 WL 2671385, at *4 ("Given that there is no evidence of tactical maneuvering, plaintiffs may introduce non-cumulative evidence, regardless of when that information was obtained.").

## II.   **Remand to the Hearings Officer**

Plaintiff argues that, because the addition of the new reports would alter the record in material respects, this Court should remand the case for further proceedings before the Hearings Officer.  Plaintiff cites no authority in support of

this proposition.  The IDEA expressly authorizes the district court to hear additional evidence that was not a part of the administrative proceeding and to render a decision based on the preponderance of the evidence before the district court.  See 20 U.S.C. § 1415(i)(2)(C).  Nothing in the provision requires the court to remand the case for further administrative proceedings based on the materiality of the additional evidence.  See, e.g., Pajaro Valley Unified Sch. Dist. v. J.S., No. C 06-0380 PVT, 2006 WL 3734289, at *4 (N.D. Cal. Dec. 15, 2006) ("Given that the courts are authorized to take new evidence and may base their decisions on such new evidence, while a court must give an ALJ's findings 'due weight,' there is clearly no requirement to remand if the ALJ fails to make necessary findings.").  The Court also notes that remanding this case to the Hearings Officer, whose subsequent decision would be subject to another appeal to the district court, would unnecessarily delay the resolution of this matter.  Finally, even if this Court permits Plaintiff to supplement the administrative record, the district judge has the discretion to determine how much weight to give the findings of the Hearings Officer and how much weight to give the new reports and any other additional evidence.  See K.H., 2005 WL 2671385, at *2 ("Due weight must be accorded to the administrative findings, and the court determines how much weight to give to these findings and to any additional evidence it deems appropriate to

admit." (citing <u>Ojai</u>, 4 F.3d at 1473; <u>Rowley</u>, 458 U.S. at 206;

<u>Ms. S. ex rel. G. v. Vashon Island Sch. Dist.</u>, 337 F.3d 1115,

1127 (9th Cir. 2003))); <u>see also</u> <u>County of San Diego v. Cal.</u>

<u>Special Educ. Hearing Office</u>, 93 F.3d 1458, 1466 (9th Cir. 1996)

("At bottom, the court itself is free to determine independently

how much weight to give the administrative findings . . . ."

(citation omitted)); <u>Capistrano Unified Sch. Dist. v. Wartenberg</u>,

59 F.3d 884, 892 (9th Cir. 1995) (directing district courts to

"read the administrative record, consider the new evidence, and

make an independent judgment based on a preponderance of evidence

and giving due weight to the hearing officer's determinations").

The district judge is capable of reviewing the administrative

record and the additional evidence, with the assistance of

briefing from the parties, if necessary.  <u>See</u>, <u>e.g.</u>, <u>C.G.</u>, 436 F.

Supp. 2d at 187 (ordering briefing after the admission of the

parents' supplemental evidence and the depositions regarding the

supplemental evidence).  This Court therefore DENIES Plaintiff's

request to remand the instant case to the Hearings Officer for

further administrative proceedings.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Plaintiff's Motion to

Supplement the Record, filed February 22, 2007, is HEREBY GRANTED

IN PART and DENIED IN PART.  The Motion is GRANTED to the extent

that Plaintiff may supplement the administrative record with the

18

reports appended to the Motion.  Plaintiff's request to remand the case to the Hearings Officer for further proceedings is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 17, 2007.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SUMMER H., ETC. V. STATE OF HAWAI`I, DEPARTMENT OF EDUCATION; CIVIL NO. 06-00554 SPK-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**