IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| SUMMER H., on behalf of her minor daughter, Hannah H., | ) ) ) | CIVIL NO. 06-00554 SPK-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| STATE OF HAWAI`I, DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT RULING GRANTING PLAINTIFFS' <u>MOTION TO SUPPLEMENT THE RECORD</u>**

Before the Court is Defendant State of Hawaii's ("Defendant") Motion for Reconsideration of Court Ruling Granting Plaintiffs' Motion to Supplement the Record ("Motion for Reconsideration" or "Motion"), filed April 27, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion for Reconsideration, the supporting and opposing memoranda and the relevant legal authority, Defendant's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

<u>**BACKGROUND**</u>

On February 22, 2007, Plaintiffs filed a Motion to Supplement the Record ("Supplement Motion").  Plaintiffs sought

to supplement the record with expert reports and recommendations that Plaintiffs obtained based on evaluations performed after the Hearing Officer's September 18, 2006 Findings of Fact, Conclusions of Law, and Decision ("the Decision").  According to Plaintiffs, the experts did not testify at the administrative hearing either because Plaintiffs could not afford their hourly rates or because the experts had not completed their assessments by the hearing date.  Plaintiffs additionally sought to remand the case for further proceedings before the Hearing Officer due to the fact that the addition of new reports would alter the record in material respects.  On April 18, 2007, this Court issued an order granting in part and denying in part the Supplement Motion ("Order").  The Court granted Plaintiffs' request to supplement the record and denied Plaintiffs' request to remand the case to the Hearing Officer.  The Court concluded that the additional reports, which provide evidence of Hannah's post-hearing ability to attend therapy sessions, were relevant to the issue of whether the amount of related services proposed in the February 3, 2006 Individual Education Program ("IEP") was adequate.  Furthermore, the Court found that the reports were not cumulative of the evidence presented before the Hearings Officer.

      Defendant now seeks reconsideration of the Order based on manifest error of law, requesting that the Court reverse its decision and strike the reports identified as Exhibits "A"

through "F" attached to the Supplement Motion. Alternatively, Defendant asks that the Court grant Defendant the right to call witnesses at the hearing to contradict and challenge the reports submitted by Plaintiffs. In its Motion, Defendant again argues that allowing the supplementation is tantamount to a trial de novo. Defendant complains that it must now provide additional witnesses to address the reports, which were prepared by individuals whose credibility was never established at the administrative hearing. Moreover, Defendant claims that it would be severely prejudiced if not permitted to rebut the supplemental material.

     As already asserted in its Opposition to the Supplement Motion, Defendant takes issue with the fact that the supplemental documents have not undergone scrutiny nor has Plaintiffs laid the foundation for their admittance. Defendant also rehashes its argument that the documents bear no relevance to the February 3, 2006 IEP. In particular, Defendant emphasizes that none of the assessors can address the education program in the actual setting where Hannah receives her therapy. Defendant further notes that although Hannah has not been diagnosed with autism, one of the reports is from a Center for Autism and Related, Inc. representative.

     Defendant's third point of contention, already extended in its Opposition to the Supplement Motion, is that it is

prevented from discrediting the supplemental materials. Defendant lastly asserts that the Order unfairly prejudiced Defendant because the introduction of materials after the Decision allows Plaintiffs to circumvent the process; that is, Plaintiffs uses the supplemental materials, which the IEP team did not consider, to seek a reversal of the Decision.

On May 11, 2007, Plaintiffs filed their Memorandum in Opposition to Defendant's Motion.  Plaintiffs oppose the Motion on the grounds that it 1) does not comply with the Local Rules because it fails to add or include case law or declarations not already presented to the Court; 2) rehashes the same arguments raised in Defendant's Opposition to the Supplement Motion; and 3) is an attempt to admit additional evidence to rebut the supplemental materials, a request already denied by the Court.

Plaintiffs argue that the Motion does not meet the requirements articulated by Local Rule LR60.1 in that there has been no discovery of new materials, no intervening change in law and no manifest error of law.  Plaintiffs emphasize that the arguments extended by Defendant were already presented to the Court and rejected.  Additionally, Plaintiffs assert that case law does not support Defendant's position.

## DISCUSSION

There are three grounds for reconsideration of interlocutory orders:

>>     (a) Discovery of new material facts not previously
>>         available;
>>     (b) Intervening change in law;
>>     (c) Manifest error of law or fact.

Local Rule LR60.1.

     Defendant alleges that the Court's decision to permit Plaintiffs to supplement the record constitutes manifest error of law.  Motions for reconsideration under Local Rule 60.1(c) "must be filed not more than ten (10) <u>business</u> days after the court's written order is filed."  Local Rule LR60.1 (emphasis added).  The Court filed the Order on April 18, 2007.  Defendant filed the Motion on April 27, 2007.

     Although timely filed, the Motion merely reiterates the arguments already submitted and rejected in Defendant's Opposition to the Supplement Motion.  Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration.  <u>White v. Sabatino</u>, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing <u>Leong v. Hilton Hotels Corp.</u>, 689 F. Supp. 1572 (D. Haw. 1988)).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  <u>Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000)).

     Insofar as the Court, in issuing its Order, already carefully considered and analyzed the very arguments Defendant

5

again raises, the Court finds it unnecessary to readdress them. The Court is not persuaded by Defendant's contention that the Court committed manifest error of law in permitting Plaintiffs to supplement the record.  Indeed, Defendant not only relies on the same arguments, but on the same cases cited in its Opposition to the Supplement Motion.  Defendant has not presented any authority to demonstrate that the Court was in error.  The Court accordingly finds that reconsideration based on manifest error of law is not warranted.

Even if the Court were to construe Defendant's arguments as seeking reconsideration based on an intervening change in law or discovery of material facts not previously available, the Motion would nevertheless fail.  Defendant has not raised any new law or introduced material facts not previously available.  Mere reassertion of arguments already extended and rejected does not provide Defendant with a basis for reconsidering the Court's Order.  This Court therefore denies Defendant's Motion.

Defendant alternatively requests that it be allowed to call witnesses at the hearing to contradict and challenge the supplemental reports.  The Court denies Defendant's request without prejudice at this time, as it finds that such a request should be raised in a separate motion and supported by specific facts and case law.

**CONCLUSION**

Based on the foregoing, Defendant's Motion for Reconsideration of Court Ruling Granting Plaintiffs' Motion to Supplement the Record, filed April 27, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 29, 2007.



　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States Magistrate Judge

**SUMMER H., ETC. V. DEPARTMENT OF EDUCATION; CIVIL NO. 06-00554 SPK-LEK; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT RULING GRANTING PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD**